CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 29 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID J. ATKINS,<br>    Plaintiff, | Civil Action No. 7:06CV00251 |
| v. | MEMORANDUM OPINION |
| MEDICAL DEPT. OF AUGUSTA<br>COUNTY JAIL, et al.,<br>    Defendants. | By: Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, David J. Atkins, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Medical Department of the Augusta County Jail and two of the jail's health care providers, Dr. Lynn Moore and Nurse Cathy Riley. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at the Middle River Regional Jail in Verona, Virginia. He was incarcerated at Middle River at the time this action was filed. The plaintiff was previously incarcerated at the Augusta County Jail, where Dr. Moore and Nurse Riley were employed in the Medical Department.[2] In his original complaint, the plaintiff alleged that Dr. Moore and Nurse Riley made "no effort" to do anything about his hypoglycemia.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] The Augusta County Jail closed on March 31, 2006. Inmates housed at Augusta were then transferred to Middle River. The plaintiff indicates that there is a "different doctor" at the "new jail." However, it appears that Nurse Riley is now employed at Middle River.

The plaintiff submitted copies of grievance forms with his original complaint. The forms indicate that the plaintiff entered the Augusta County Jail in July of 2005. The plaintiff was examined by Dr. Moore on July 21, 2005. The plaintiff subsequently filed grievances complaining about being charged for the examination.

On October 8, 2005, the plaintiff submitted a medical request form on which he inquired as to why he had not been placed on a proper diet or otherwise received treatment for hypoglycemia. The plaintiff was advised that Dr. Moore had no documentation that would indicate that the plaintiff suffered from hypoglycemia.

The plaintiff filed a formal grievance pertaining to this issue on October 24, 2005. Nurse Riley advised the plaintiff that Dr. Moore would not change the plaintiff's diet until she received documentation indicating that the plaintiff had hypoglycemia.

On February 11, 2006, the plaintiff filed a grievance containing the following complaint: "Now on the 2-7-06 I had a blood sugar check of 66, which is low. This is the third time this has happen [sic] and medical refused to put me of [sic] the proper diet or get my medical records from D.O.C." Nurse Riley responded to the plaintiff's grievance on February 21, 2006. Riley advised the plaintiff that "66 mg/dl is not considered low," and that the plaintiff's medical records contained no mention of hypoglycemia. Riley further advised the plaintiff to request to see Dr. Moore for any dietary changes.

On April 10, 2006, after being transferred to Middle River, the plaintiff submitted an inmate request form, on which he asked to receive double portions, due to hypoglycemia. In response, the plaintiff was advised that his medical records from the Virginia Department of Corrections "do not indicate treatment of hypoglycemia." (emphasis added).

2

The plaintiff then filed a formal grievance alleging that the medical department had "lied" about the fact that his medical records did not indicate that he had received treatment for hypoglycemia. Nurse Riley responded to the plaintiff's grievance on April 19, 2006. Her response was as follows: "Mr. Atkins, we have addressed this situation in the past. Your DOC records show that you had a work up but no diagnosis of hypoglycemia given. You may want to see the new physician about this."

On April 25, 2006, the plaintiff filed his original complaint against the Medical Department of the Augusta County Jail. By order entered May 1, 2006, the court gave the plaintiff twenty days in which to amend his complaint to identify individuals as defendants and to allege specific facts concerning actions undertaken by each defendant in violation of his constitutional rights.

The plaintiff filed responses to the conditional filing order on May 11, 2006 and on May 25, 2006. In these responses, the plaintiff alleges that Dr. Lynn Moore refused to treat his hypoglycemia while he was incarcerated at the Augusta County Jail, and that Nurse Riley improperly concluded that his blood sugar readings were not low. The plaintiff also alleges that he had a seizure at Middle River on May 5, 2006. Although nurses at Middle River opined that the seizure was heat-related, the plaintiff believes that it resulted from not receiving proper treatment for hypoglycemia.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such

3

deprivation is a result of conduct committed by a person[3] acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is well settled that a jail official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the official acts with "deliberate indifference" to the inmate's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim for deliberate indifference against Dr. Moore or Nurse Riley. The plaintiff's submissions indicate that Dr. Moore examined the plaintiff upon his arrival at the Augusta County Jail, and that Nurse Riley subsequently checked the plaintiff's blood sugar level on multiple occasions. Nurse Riley determined that the plaintiff's blood sugar readings were not low enough to require medical treatment. Although the plaintiff may disagree with the nurse's assessment of his blood

---

[3] The court notes that the plaintiff named the Medical Department of the Augusta County Jail as a defendant. However, because the Medical Department is not a "person" amenable to suit under § 1983, any claims against the Medical Department must be dismissed. See Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989).

4

sugar readings, such disagreements fail to state a claim for deliberate indifference. Additionally, while the plaintiff emphasizes that he received a special diet or additional snacks for hypoglycemia at various other correctional institutions in the past, the plaintiff's submissions indicate that the Augusta County Jail had no written documentation indicating that the plaintiff had been diagnosed with hypoglycemia. Even assuming that Dr. Moore or Nurse Riley acted negligently in diagnosing or treating the plaintiff while he was incarcerated at that institution, neither negligence nor malpractice is actionable under § 1983.[4] See Estelle, 429 U.S. at 105.

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 28th day of June, 2006.

_____
United States District Judge

---

[4] The court notes that the plaintiff's allegations regarding his recent seizure appear to suggest that he is not receiving proper medical treatment at Middle River. If the plaintiff believes that officials at Middle River have provided constitutionally inadequate treatment, he may file such claims in a separate civil action, naming appropriate defendants.

5